Compiler

## IN THE SUPERIOR COURT
## OF GUAM

CHUNG SOOK KIM,

                    Plaintiff,

      v.

MI HYE KIM, KI YOUNG KIM, MIN
KYONG KIM, HEE SOON JEONG,
BYUNG GON KIM, AND DOES I
THROUGH IV,

                  Defendants.

Civil Case no. CV-0710-11

**DECISION AND ORDER**
re: Motion to Dismiss First Amended
Complaint for Cancellation of Instrument

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on November 8, 2011. The Plaintiff was represented by Attorney Carlos L. Taitano. Defendants Mi Hye, Ki Young, and Min Kyong Kim were represented by Attorney Phillip Torres. After considering the matters presented, the court now issues the following decision and order granting in part and denying in part Defendant's motion. The court grants the motion with leave to amend as to count two against Defendants Hee Soon Jeong and Byung Gon Kim. The court denies the motion to dismiss as to the remaining counts against the rest of the Defendants.

## BACKGROUND

The instant matter arises out of a civil complaint filed by the Plaintiff on April 22, 2011. Plaintiff filed a first amended complaint for cancellation of instrument on May 6, 2011. The first amended complaint states that on August 24, 2009, Defendants deceived Plaintiff into signing a Deed of Gift conveying real estate to the Plaintiff's daughter, Defendant Mi Hye Kim. As a result the first amended complaint alleges four counts: (1) breach of fiduciary duty, (2) fraud, (3) aiding or abetting breach of fiduciary duty, and (4) constructive trust.

On May 26, 2011, Defendants filed a motion to dismiss. Defendants argue that dismissal is appropriate because the Plaintiff has failed to state a claim for which relief can be granted pursuant to Rule 12(b)(6) of the Guam Rules of Civil Procedure. More specifically, Defendants argue that (1) Plaintiff fails to sufficiently allege a fiduciary relationship in counts one and three; (2) Plaintiff fails to sufficiently plead fraud with particularity; and (3) constructive trust is not a claim.

## DISCUSSION

Rule 12(b)(6) provides that "every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: …(6) failure to state a claim upon which relief can be granted." Guam R.Civ. P. 12(b)(6).

Under Rule 12(b)(6), the facts in the complaint are presumed to be true, and the complaint is liberally construed in favor of the Plaintiff. *First Hawaiian Bank v. Manley*, 2007 Guam 2, ¶9. Generally, a motion to dismiss under Rule 12(b)(6) should be disfavored and doubts should be resolved in favor of the pleader, unless no set of facts could support the claims as plead. *Id*. A Rule 12 (b)(6) motion tests only whether the claim has been adequately stated in the complaint, and the purpose of a 12(b)(6) motion is to assess the legal feasibility of the complaint, not to weigh the evidence which the plaintiff offers or intends to offer. *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 779 (2d Cir.1984). Thus, on a motion under Rule 12(b)(6), the court's inquiry is limited to the content of the complaint and the court should not dismiss the complaint merely because the court doubts the Plaintiff will prevail in the action, or that the possibility of ultimate recovery is remote. *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827 (1989). Should the complaint fail to state a claim under Rule 12(b)(6), as with a Rule 12(b)(1) motion, dismissal without leave to amend is improper unless it is clear that the complaint

could not be saved by any amendment. *Ostrzenski v. Seigel*, 177 F.3d 245, 252–53 (4th Cir.1999).

However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim. *Taitano v. Calvo Finance Corp.*, 2009 Guam 9 ¶6. Furthermore, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The factual allegations must be enough to raise a right to relief above the speculative level. *Id.*

**COUNT I & III - Breach of Fiduciary Duty & Aiding or Abetting Breach of Fiduciary Duty**

In order to plead a cause of action for breach of fiduciary duty, there must be shown the existence of (1) a fiduciary relationship, (2) its breach, and (3) damage proximately caused by that breach. *Pierce v. Lyman*, 1 Cal.App.4th 1093, 1101 (1991). Defendants argue that Plaintiff has failed to adequately plead a fiduciary relationship. More specifically, they argue that more than just a familial relationship is required to establish a fiduciary relationship.

"The essence of a fiduciary or confidential relationship is that the parties do not deal on equal terms, because the person in whom trust and confidence is reposed and who accepts that trust and confidence is in a superior position to exert unique influence over the dependant party." *Gayle v. Hemlani*, 2000 Guam 25, ¶ 30 (citing *Barbara A. v. John G.*, 145 Cal. App. 3d. 369, 383 (Cal. Ct. App. 1983)). Fiduciary obligations "generally come into play when one party's vulnerability is so substantial as to give rise to equitable concerns underlying the protection afforded by the law governing fiduciaries." *City of Hope National Medical Center v. Genentech, Inc.*, 43 Cal.4th 375, 389 (2008). Some reasons generally used to demonstrate that a party to such a relationship is vulnerable include: advanced age, youth, lack of education, ill health, and mental weakness. *Richelle L. v. Roman Catholic Archbishop*, 106 Cal.App.4th 257, 280 (2003).

In the instant case, the court agrees with the Plaintiff that count one and count three have

both been adequately stated in the complaint. In her first amended complaint, Plaintiff claims a fiduciary relationship existed between herself and Defendants Mi Hye Kim, Ki Young Kim and Min Kyong Kim, all of whom are family members, because she does not know the English language, her age, the recent death of her husband, and her reliance on the above named Defendants as translators. Thus, the court finds there is evidence that the parties may not have dealt on equal terms, because the Plaintiff had trust and confidence in her relatives who were in a position (as translators and family members) to exert unique influence over her due to the above mentioned factors. Therefore, the court finds that count one and count three have been adequately plead in the complaint.[1]

**COUNT II - Fraud**

Guam law defines fraud as follows: 1) a misrepresentation; 2) knowledge of falsity (or scienter); 3) intent to defraud to induce reliance; 4) justifiable reliance; 5) resulting damages. *Trans Pacific Export Co. vs. Oka Towers Corporation*, 2000 Guam 3 ¶ 23 (citing *Milne Employees Ass'n. v. Sun Carriers*, 960 F.2d 1402 (9th Cir. 1991)). To successfully plead fraud a Plaintiff must plead facts with sufficient particularity to demonstrate the elements of fraud. Guam R. Civ. P. 9(b)(2007). Under the right conditions, a short plain statement can satisfy the requirement that fraud be plead with particularity. *Taitano v. Calvo Finance Corp.*, 2008 Guam ¶ 14. The short, plain pleading of Form 21 in the Appendix to the Federal Rules of Civil Procedure satisfies the requirement of particularity because it details the "who, what, when, where, and how" of the fraud being alleged. *Id.* (citing *Vess v. Ciba-Geigy Corp. USA*, 317 F. 3d 1097 (9th Cir. 2003)). The allegations of fraud must be specific enough to give [D]efendants notice of the particular [fraudulent] misconduct . . . so that they can defend against the charge and

---

[1]Defendants do not dispute that count three is sufficiently plead, if count one is sufficiently plead. Thus, the court need not address the merits of count three because count one is sufficiently plead.

not just deny that they have done nothing wrong. *Taitano v. Calvo Finance Corp.*, 2008 Guam ¶ 14.

Defendants argue that Plaintiff has failed to sufficiently plead fraud with particularity. They assert that Plaintiff has failed to detail the "who, what, when, where, and how" of the fraud being alleged. There is nothing in the pleadings supporting the theory that Defendants Hee Soon Jeong or Byung Gon Kim committed fraudulent acts. Thus, the court finds that count two against Defendants Hee Soon Jeong and Byung Gon Kim has not been adequately stated in the complaint. However, the court will grant the Plaintiff leave to amend the complaint if she so chooses.

The court, however, agrees with Plaintiff's argument that count two against the remaining named Defendants should not be dismissed because the claims against them are legally feasible. The first amended complaint alleges that Defendants Mi Hye Kim, Ki Young Kim and Min Kyong Kim procured the signature of Plaintiff on the Deed of Gift by falsely representing to the Plaintiff that the Deed of Gift was a document pertaining to the funeral arrangements of the Plaintiff's spouse. The evidence suggests that Defendants Mi Hye Kim, Ki Young Kim and Min Kyong Kim, may have committed fraud. Thus, the court denies Defendants' motion to dismiss count two against those Defendants.

**COUNT IV - Constructive Trust**

A constructive trust is a form of restitution. *Ethics Committee v. Maquera*, 2001 Guam 20 ¶ 33 (citing *Pottinger v. Pottinger*, 605 N.E.2d 1130, 1136-37 (Ill. App. Ct. 1992) (recognizing that a constructive trust is a restitutionary remedy)). For example, "where a person holding title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it, a constructive trust arises." Id. at ¶ 30 (citing Restatement (First) of Restitution § 160 (1936)). A constructive trust is often imposed, for

example, in cases of fraud, duress, undue influence or mistake, the wrongful disposition of another's property, or where there is a breach of a fiduciary duty. Id. at ¶ 31.

Defendants argue that Plaintiff may not assert "constructive trust" as a cause of action because it is an equitable remedy not a claim. The court, however, has the discretion to grant such a remedy through equity. Thus, the court will not dismiss the constructive trust claim because Defendants are holding title to property where if fraud or a breach of a fiduciary duty is found on behalf of Defendants then they would be unjustly enriched if they were permitted to retain title.

## CONCLUSION

For the reasons stated herein, the court **GRANTS** in part the Defendants' motion to dismiss with leave to amend as to counts two against Defendants Hee Soon Jeong and Byung Gon Kim. The court grants Plaintiff 21 days from the date of this decision and order to amend her complaint in order to comply with the requirements expressed herein. The court **DENIES** in part the motion as to the remaining counts against the rest of the Defendants.

SO ORDERED, this 17th day of February 2012.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam

FEB 17 2012

James R. Borja
Deputy Clerk, Superior Court of Guam